# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2021

Lyle W. Cayce
Clerk

No. 20-10916
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEONARDO MENDIVIL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-193-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Leonardo Mendivil appeals his conviction and sentence for conspiracy to possess with intent to distribute methamphetamine. He challenges the district court's denial of his motion to withdraw his guilty plea, which we review for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Cir. 2019).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* at 1013-14 (internal quotation marks, citation, and brackets omitted).

In evaluating the denial of a motion to withdraw a guilty plea, we consider the totality of circumstances, including: (1) whether the defendant asserted his innocence; (2) whether the Government would suffer prejudice; (3) whether there was a delay in filing the motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether the defendant had close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) whether the withdrawal would result in a waste of judicial resources.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The record supports the denial based on the district court's consideration of the *Carr* factors.  Mendivil's bald assertion of innocence is insufficient to show that the district court erred in denying his motion.  *See Lord*, 915 F.3d at 1014.  Nor has he shown that the district court clearly erred in finding that his 144-day delay in filing his motion weighed against him.  *See, e.g.*, *United States v. Landreneau*, 967 F.3d 443, 450-51 (5th Cir. 2020), *cert. denied*, 2021 WL 666767 (U.S. Feb. 22, 2021) (No. 20-6931).  In addition, the fact that the case would require a short trial "does not necessitate a finding that there is no inconvenience to the district court," *United States v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009), and the district court's finding that the withdrawal would result in a waste of judicial resources is entitled to deference because the court was "in the best position to know the effect that the withdrawal [would have] on its resources," *Carr*, 740 F.2d at 345.  Mendivil concedes that he had close assistance of counsel throughout the criminal proceeding.  Further, the record supports the district court's finding that Mendivil's guilty plea was knowing and voluntary.  Despite the fact that Mendivil took an antihistamine on the date of the rearraignment hearing, the district court did not clearly err in finding that he was "cognizant, responsive,

No. 20-10916

competent, and understanding of the charges and proceedings such that he could enter a plea that was both knowing and voluntary" and that his solemn declarations in open court carried a strong presumption of verity. *See United States v. Harrison*, 777 F.3d 227, 236 & n.47 (5th Cir. 2015); *McKnight*, 570 F.3d at 649. For these reasons, Mendivil has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea. *See Lord*, 915 F.3d at 1013-14.

AFFIRMED.